JS 44 (Rev. 07/16)

# CIVIL COVER SHEET

The JS 44 civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. *(SEE INSTRUCTIONS ON NEXT PAGE OF THIS FORM.)*

## I. (a) PLAINTIFFS
Derrick Lewis, 1532 Winford Road, Baltimore, Maryland 21239

### DEFENDANTS
Oglethorpe, Inc., 201 North Franklin Street, Suite 1910, Tampa, Florida, 33602, the Willough at Naples, 9001 Tamiami Trail E, Naples, Florida, 34113

**(b)** County of Residence of First Listed Plaintiff: **Baltimore City**
*(EXCEPT IN U.S. PLAINTIFF CASES)*

County of Residence of First Listed Defendant: **Collier County**
*(IN U.S. PLAINTIFF CASES ONLY)*

NOTE: IN LAND CONDEMNATION CASES, USE THE LOCATION OF THE TRACT OF LAND INVOLVED.

**(c)** Attorneys *(Firm Name, Address, and Telephone Number)*
John J. Leppler, Esq. #19736, the Law Office of Barry R. Glazer, LLC
1010 Light Street, P.O. Box 27166, Baltimore, Maryland 21230

Attorneys *(If Known)*
Andrew Vogt, Esq., Wicker Smith O'Hara McCoy & Ford, P.A.
9128 Strada Place, Suite 10200, Naples, Florida 34108

## II. BASIS OF JURISDICTION *(Place an "X" in One Box Only)*

- ☐ 1 U.S. Government Plaintiff
- ☐ 2 U.S. Government Defendant
- ☐ 3 Federal Question *(U.S. Government Not a Party)*
- ☒ 4 Diversity *(Indicate Citizenship of Parties in Item III)*

## III. CITIZENSHIP OF PRINCIPAL PARTIES *(Place an "X" in One Box for Plaintiff and One Box for Defendant)*
*(For Diversity Cases Only)*

| | PTF | DEF | | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | ☒ 1 | ☐ 1 | Incorporated *or* Principal Place of Business In This State | ☐ 4 | ☐ 4 |
| Citizen of Another State | ☐ 2 | ☐ 2 | Incorporated *and* Principal Place of Business In Another State | ☐ 5 | ☒ 5 |
| Citizen or Subject of a Foreign Country | ☐ 3 | ☐ 3 | Foreign Nation | ☐ 6 | ☐ 6 |

## IV. NATURE OF SUIT *(Place an "X" in One Box Only)*

| CONTRACT | TORTS | FORFEITURE/PENALTY | BANKRUPTCY | OTHER STATUTES |
|---|---|---|---|---|
| ☐ 110 Insurance | **PERSONAL INJURY** / **PERSONAL INJURY** | ☐ 625 Drug Related Seizure of Property 21 USC 881 | ☐ 422 Appeal 28 USC 158 | ☐ 375 False Claims Act |
| ☐ 120 Marine | ☐ 310 Airplane / ☐ 365 Personal Injury - Product Liability | ☐ 690 Other | ☐ 423 Withdrawal 28 USC 157 | ☐ 376 Qui Tam (31 USC 3729(a)) |
| ☐ 130 Miller Act | ☐ 315 Airplane Product Liability / ☐ 367 Health Care/ Pharmaceutical Personal Injury Product Liability | | | ☐ 400 State Reapportionment |
| ☐ 140 Negotiable Instrument | ☐ 320 Assault, Libel & Slander | | **PROPERTY RIGHTS** | ☐ 410 Antitrust |
| ☐ 150 Recovery of Overpayment & Enforcement of Judgment | ☐ 330 Federal Employers' Liability | | ☐ 820 Copyrights | ☐ 430 Banks and Banking |
| ☐ 151 Medicare Act | ☐ 340 Marine / ☐ 368 Asbestos Personal Injury Product Liability | | ☐ 830 Patent | ☐ 450 Commerce |
| ☐ 152 Recovery of Defaulted Student Loans (Excludes Veterans) | ☐ 345 Marine Product Liability | | ☐ 840 Trademark | ☐ 460 Deportation |
| ☐ 153 Recovery of Overpayment of Veteran's Benefits | ☐ 350 Motor Vehicle / **PERSONAL PROPERTY** | **LABOR** | **SOCIAL SECURITY** | ☐ 470 Racketeer Influenced and Corrupt Organizations |
| ☐ 160 Stockholders' Suits | ☐ 355 Motor Vehicle Product Liability / ☐ 370 Other Fraud | ☐ 710 Fair Labor Standards Act | ☐ 861 HIA (1395ff) | ☐ 480 Consumer Credit |
| ☐ 190 Other Contract | ☒ 360 Other Personal Injury / ☐ 371 Truth in Lending | ☐ 720 Labor/Management Relations | ☐ 862 Black Lung (923) | ☐ 490 Cable/Sat TV |
| ☐ 195 Contract Product Liability | ☐ 362 Personal Injury - Medical Malpractice / ☐ 380 Other Personal Property Damage | ☐ 740 Railway Labor Act | ☐ 863 DIWC/DIWW (405(g)) | ☐ 850 Securities/Commodities/ Exchange |
| ☐ 196 Franchise | / ☐ 385 Property Damage Product Liability | ☐ 751 Family and Medical Leave Act | ☐ 864 SSID Title XVI | ☐ 890 Other Statutory Actions |
| | | ☐ 790 Other Labor Litigation | ☐ 865 RSI (405(g)) | ☐ 891 Agricultural Acts |
| **REAL PROPERTY** | **CIVIL RIGHTS** / **PRISONER PETITIONS** | ☐ 791 Employee Retirement Income Security Act | **FEDERAL TAX SUITS** | ☐ 893 Environmental Matters |
| ☐ 210 Land Condemnation | ☐ 440 Other Civil Rights / **Habeas Corpus:** | | ☐ 870 Taxes (U.S. Plaintiff or Defendant) | ☐ 895 Freedom of Information Act |
| ☐ 220 Foreclosure | ☐ 441 Voting / ☐ 463 Alien Detainee | | ☐ 871 IRS—Third Party 26 USC 7609 | ☐ 896 Arbitration |
| ☐ 230 Rent Lease & Ejectment | ☐ 442 Employment / ☐ 510 Motions to Vacate Sentence | | | ☐ 899 Administrative Procedure Act/Review or Appeal of Agency Decision |
| ☐ 240 Torts to Land | ☐ 443 Housing/ Accommodations / ☐ 530 General | | | ☐ 950 Constitutionality of State Statutes |
| ☐ 245 Tort Product Liability | ☐ 445 Amer. w/Disabilities - Employment / ☐ 535 Death Penalty | **IMMIGRATION** | | |
| ☐ 290 All Other Real Property | ☐ 446 Amer. w/Disabilities - Other / **Other:** | ☐ 462 Naturalization Application | | |
| | / ☐ 540 Mandamus & Other | ☐ 465 Other Immigration Actions | | |
| | ☐ 448 Education / ☐ 550 Civil Rights | | | |
| | / ☐ 555 Prison Condition | | | |
| | / ☐ 560 Civil Detainee - Conditions of Confinement | | | |

## V. ORIGIN *(Place an "X" in One Box Only)*

- ☒ 1 Original Proceeding
- ☐ 2 Removed from State Court
- ☐ 3 Remanded from Appellate Court
- ☐ 4 Reinstated or Reopened
- ☐ 5 Transferred from Another District *(specify)*
- ☐ 6 Multidistrict Litigation - Transfer
- ☐ 8 Multidistrict Litigation - Direct File

## VI. CAUSE OF ACTION
Cite the U.S. Civil Statute under which you are filing *(Do not cite jurisdictional statutes unless diversity):*
**28 U.S.C. § 1332**
Brief description of cause:
Personal injury action / premises liability action. Malfunctioning hinge on heavy door cause door to strike Plaintiff.

## VII. REQUESTED IN COMPLAINT:
☐ CHECK IF THIS IS A CLASS ACTION UNDER RULE 23, F.R.Cv.P.

**DEMAND $** 400,000.00

CHECK YES only if demanded in complaint:
**JURY DEMAND:** ☒ Yes ☐ No

## VIII. RELATED CASE(S) IF ANY
*(See instructions):*
JUDGE _____ DOCKET NUMBER _____

DATE: 01/26/2018
SIGNATURE OF ATTORNEY OF RECORD: John J. Leppler, Esq. #19736 */s/*

**FOR OFFICE USE ONLY**

RECEIPT # _____ AMOUNT _____ APPLYING IFP _____ JUDGE _____ MAG. JUDGE _____

...

## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF MARYLAND

| | | |
|---|---|---|
| **DERRICK LEWIS**<br>1532 Winford Road<br>Baltimore, Maryland 21239 | * | |
| Plaintiff | * | |
| v. | * | Civil Action No: _____ |
| **THE WILLOUGH AT NAPLES**<br>9001 Tamiami Trail E<br>Naples, Florida 34113 | * | |
| and | * | |
| **OGLETHORPE, INC.**<br>201 North Franklin Street, Ste. 1910<br>Tampa, Florida 33602 | * | |
| Serve on: Resident Agent<br>Julian P. Raymond<br>625 Court Street, Ste. 200<br>Clearwater, Florida 33756 | * | |
| **Defendants** | * | |

\* \* \* \* \* \* \* \* \* \* \* \* \* \* \*

### COMPLAINT & JURY DEMAND

Plaintiff Derrick Lewis, by and through his undersigned counsel, John J. Leppler, Esq. #19736, and the Law Office of Barry R. Glazer, LLC, hereby files suit against The Willough at Naples (hereinafter referred to as "Defendant Willough") and Oglethorpe, Inc. (hereinafter referred to as "Defendant Oglethorpe") and, in support thereof, states:

### PARTIES

1.      Derrick Lewis (hereinafter "Plaintiff"), at all times pertinent hereto, is and was a resident of the State of Maryland.

2. Defendant Willough is a health care provider located in Naples, Florida that is licensed to provide psychiatric help and rehabilitation for those suffering from depression, anxiety, and substance abuse issues. Defendant Willough is owned and managed by Defendant Oglethorpe, Inc.

3. Defendant Oglethorpe is a health care management company, incorporated in the State of Florida and headquartered in Tampa, Florida. Defendant Oglethorpe supervises, owns, controls, and manages multiple facilities in the states of Florida, Louisiana, and Ohio, including The Willough at Naples. Defendant Oglethorpe does not have facilities in the State of Maryland.

## JURISDICTION & VENUE

4. Pursuant to 28 U.S.C. § 1332, this Court has subject matter jurisdiction in this action because Plaintiff and Defendants are citizens of different States and there is more than $75,000.00 in controversy in this lawsuit. Further, none of the acts giving rise to this lawsuit occurred in any other state but Florida. In addition, Plaintiff is demanding a judgment against the Defendants for a sum in excess of $75,000.00 in damages.

5. This Court has personal jurisdiction over Plaintiff and Defendants because the Plaintiff is a resident of the State of Maryland and, as it relates to the events described herein, the Defendants had sufficient contacts with the State of Maryland. On or about September 6, 2015, Defendants agreed to accept Plaintiff as a 'psychiatric and rehabilitation' inpatient at The Willough at Naples.

6. Pursuant to 28 U.S.C. § 1391(3), venue is proper in this Court because this Court has personal jurisdiction over the Defendant because Defendant has sufficient contacts with the State of Maryland, which is more expressly stated in Paragraphs 7 thru 11 of this Complaint. Additionally, pursuant to *forum non-conveniens*, this Court is the proper venue for this lawsuit.

## FACTS COMMON TO ALL COUNTS

7. On or about September 8, 2015, Plaintiff was instructed by Defendants' agents, servants, and/or employees to sit at a picnic bench in an area owned, managed and supervised by the Defendants. The picnic bench was located next to a heavy door with a malfunctioning and/or broken pneumatic "door stop." As Plaintiff sat at the picnic bench, an individual opened the door which swung wide open and slammed into Plaintiff's right knee.

8. As a direct and proximate result of this September 8, 2015 incident, Plaintiff suffered severe bodily injuries, pain, and emotional distress. Subsequent to this injury, Plaintiff's right knee swelled and became inflamed. Suffering with severe and debilitating pain, Plaintiff repeatedly asked to be taken to the closest hospital emergency room; however, he was not allowed to leave the premises and his pain and inflamed knee were treated with over the counter pain relievers such as Tylenol and aspirin. Finally, on September 22, 2015, Plaintiff was allowed to go to the emergency room of Naples Community Hospital, where he underwent x-rays to his right knee. The x-rays revealed Plaintiff had sustained a "non-displaced lateral tibial plateau fracture." Plaintiff suffered severe bodily injuries, substantial pain, suffering, and mental anguish, as well as the need for future medical expenses.

9. Prior to these incidents wherein Plaintiff sustained injuries, Defendant Oglethorpe, having acted by and through its agents, servants, and/or employees, including, but not limited to Defendant Willough's staff, had actual and/or constructive notice of the hazardous and dangerous condition on Defendant Willough's premises.

10. Upon Plaintiff's return to Defendant Willough's facility, he was on crutches and requested use of a wheelchair, which was denied by Defendant Willough's staff. Plaintiff requested to be put in a handicap-accessible single room, which was denied by Defendant Willough's staff. He was instead assigned to a non-handicap accessible room with a roommate.

11. On or about the evening of October 31, 2015, Plaintiff got up and went to the bathroom after his roommate had showered, leaving water covering the floor. Plaintiff slipped on the water and fell, hitting his head, injuring his right wrist, and sustaining a fracture of his right tibia and fibula. Plaintiff was again taken to the emergency room.

## COUNT I – NEGLIGENCE
### Lewis v. The Willough at Naples

12. Plaintiff re-alleges and incorporates the paragraphs stated above into this Count, as if fully set forth below.

13. Defendant Willough owed a duty of care to Plaintiff, an invitee, as well as to the general public, including inpatients of Defendant Willough, to use reasonable and ordinary care in maintaining the premises and property in a reasonably safe condition. This duty included the inspection and maintenance of the facility. This included the duty to correct any hazardous and/or dangerous condition within Defendant Willough's supervision and control. Defendant Willough breached its duty of care in the following manner:

   (a) Failure to place warning signs at or near any hazardous and/or dangerous condition within Defendant Willough's supervision and control, including the premises and property;

   (b) Failure to correct and/or fix any hazardous and/or dangerous condition within Defendant Willough's supervision and control, including the premises and property;

   (c) Failure to warn Plaintiff and others about the hazardous and/or dangerous condition within Defendant Willough's supervision and control, including the premises and property; and

   (d) Was otherwise negligent.

14. The hazardous and/or dangerous condition discussed herein, which directly caused Plaintiff's suffered injuries, was not discoverable by Plaintiff, even where here, at all times pertinent hereto, Plaintiff exercised reasonable and ordinary care for his safety.

15. As a direct and proximate result of Defendant Willough's negligence and breach of its duty of care, Plaintiff sustained the following damages:

    (a) Severe bodily and mental injuries, which includes but is not limited to Plaintiff's fracture to his right knee;

    (b) Emotional, mental and physical pain and suffering; and

    (c) Past and future medical expenses.

16. All of Plaintiff's injuries, damages, and losses which directly and proximately resulted from the injuries sustained by Plaintiff on or about September 8, 2015 and on October 31, 2015, were caused by negligence on the part of Defendant Willough, as well as the breach of its duty of care owed to the Plaintiff, with no negligence on the part of Plaintiff contributing thereto.

## COUNT II – NEGLIGENT ENTRUSTMENT
### Lewis v. Oglethorpe, Inc.

17. Plaintiff re-alleges and incorporates the paragraphs stated above into this Count, as if fully set forth below.

18. Defendant Oglethorpe owed a duty of care to Plaintiff, an invitee, as well as to the general public, including inpatients of Defendant Willough, to use reasonable and ordinary care in maintaining the premises and property of the facility it owned and managed in a reasonably safe condition. This duty included the supervision of the inspection and maintenance of the facility. This included the duty to supervise the correction of any hazardous and/or dangerous condition within Defendant Oglethorpe's ownership, supervision, and control of its facility, The Willough at Naples. Defendant Oglethorpe breached its duty of care in the following manner:

(a)   Failure to supervise the placement of warning signs at or near any hazardous and/or dangerous condition within Defendant Willough's supervision and control, including the premises and property;

(b)   Failure to supervise the correction of and repair of any hazardous and/or dangerous condition within Defendant Willough's supervision and control, including the premises and property;

(c)   Failure to ensure the warning of Plaintiff and others about the hazardous and/or dangerous condition within Defendant Willough's supervision and control, including the premises and property; and

(d)   Was otherwise negligent.

19.   The hazardous and/or dangerous condition discussed herein, which directly caused Plaintiff's suffered injuries, was not discoverable by Plaintiff, even where here, at all times pertinent hereto, Plaintiff exercised reasonable and ordinary care for his safety.

20.   As a direct and proximate result of Defendant Oglethorpe's negligence and breach of its duty of care, Plaintiff sustained the following damages:

(a) Severe bodily and mental injuries, which includes but is not limited to Plaintiff's fracture to his right knee;

(b) Emotional, mental and physical pain and suffering; and

(c) Past and future medical expenses.

21.   All of Plaintiff's injuries, damages, and losses which directly and proximately resulted from the injuries sustained by Plaintiff on or about September 8, 2015 and again on October 31, 2015, were caused by negligence on the part of Defendant Oglethorpe, as well as the breach of its duty of care owed to the Plaintiff, with no negligence on the part of Plaintiff contributing thereto.

WHEREFORE, Plaintiff Derrick Lewis demands judgment against Defendant The Willough at Naples and Defendant Oglethorpe, Inc., jointly and severally, for a sum in excess of Seventy-Five Thousand Dollars ($75,000.00), plus pre-judgment and post-judgment interest, costs, attorneys' fees, and all other relief deemed necessary and just under the circumstances.

### DEMAND FOR JURY TRIAL

Plaintiff Derrick Lewis requests a trial by jury on all counts stated in this Complaint and Jury Demand.

Respectfully submitted,

LAW OFFICE OF BARRY R. GLAZER, LLC

By: _____
John J. Leppler, Esq. #19736
P.O. Box 27166
1010 Light Street
Baltimore, Maryland 21230
Phone: (410) 547-8568
Fax:   (410) 547-0036

*Counsel for Plaintiff Derrick Lewis*