81548-8

UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
FORT MYERS DIVISION

| | |
|---|---|
| DERRICK LEWIS, | CIRCUIT CIVIL DIVISION |
| Plaintiff, | CASE NO. 2:18-CV-357-FtM-99CM |
| vs. | |
| THE WILLOUGH AT NAPLES and OGLETHORPE, INC. | |
| Defendants. | |

_____/

**MOTION TO DISMISS WITH PREJUDICE PURSUANT TO RULE 41(b)**

COMES NOW, Defendants, The Willough at Naples and Oglethorpe, Inc., by and through the undersigned counsel, and pursuant to Federal Rule of Civil Procedure 41(b), file this their Motion to Dismiss this action with prejudice, and in support of this Motion, state as follows:

**I.     Introduction**

Defendants Willough and Oglethorpe are sued for negligence and negligent entrustment, respectively, for injuries allegedly sustained by Plaintiff while a patient at a treatment facility in Florida when another patient allegedly struck the Plaintiff's knee when opening a door.

This action was originally filed in the United States District Court for the District of Maryland on January 26, 2018. (Doc. # 1). After the Defendants moved to dismiss for lack of personal jurisdiction, the case was ordered to be transferred to the United States District Court for the Middle District of Florida. (Doc. # 8).

CASE NO. 2:18-CV-357-FtM-99CM

On May 24, 2018, this matter came before the Court on review of the Complaint. Finding that the Plaintiff's allegations were insufficient to plead diversity and that the Complaint was formulated as a "shotgun pleading," the Court dismissed the Complaint for lack of subject matter jurisdiction and as a shotgun pleading without prejudice to filing an Amended Complaint within seven (7) days of the Court's Order. (Doc. # 11).

On June 5, 2018, upon the Court's review of the file, the Court ordered that a copy of the May 24, 2018 Order (Doc. # 11) be mailed to all counsel of record and extended Plaintiff's deadline to file an Amended Complaint for another seven (7) days. (Doc. # 12). To date, the Plaintiff has failed to comply with this Court's Orders as no Amended Complaint has been filed.

**II.** **Standard**

"A district court has inherent authority to manage its own docket 'so as to achieve the orderly and expeditious disposition of cases.'" *Equity Lifestyle Props., Inc. v. Fla. Mowing & Landscape Serv., Inc.,* 556 F.3d 1232, 1240 (11th Cir. 2009) (citation omitted); *see also Taylor v. Nelson,* 356 Fed. Appx. 318, 319 (11th Cir. 2009) (citing *Betty K Agencies, Ltd. v. M/V Monada,* 432 F.3d 1333, 1337 (11th Cir. 2005)). Furthermore, the Court has explicit authority under the Federal Rules of Civil Procedure "to dismiss a complaint for failure to prosecute or failure to comply with a court order or the federal rules." *Gratton v. Great Am. Commc'ns,* 178 F.3d 1373, 1374 (11th Cir. 1999) (citing Fed. R. Civ. P. 41(b)). "A district court [also] has authority under Federal Rule of Civil Procedure 41(b) to dismiss actions for failure to comply with local rules." *World Thrust Films, Inc. v. Int'l Family Entm't, Inc.,* 41 F.3d 1454, 1456 (11th Cir. 1995) (citation omitted).

Rule 41 provides:

If the plaintiff fails to prosecute or to comply with these rules or a court order, a defendant may move to dismiss the action or any claim against it. Unless the dismissal order states otherwise, a dismissal under this subdivision (b) and any dismissal not under this rule—except one for lack of jurisdiction, improper venue, or failure to join a party under Rule 19—operates as an adjudication on the merits.

Fed. R. Civ. P. 41(b).

"The power to invoke this sanction is necessary in order to prevent undue delays in the disposition of pending cases and to avoid congestion in the calendars of the District Court." *Equity Lifestyle Props.,* 556 F.3d at 1240 (citation omitted). "Dismissal under Rule 41(b) is appropriate where there is a clear record of 'willful' contempt and an implicit or explicit finding that lesser sanctions would not suffice." *Gratton,* 178 F.3d at 1374; *cf. Betty K Agencies,* 432 F.3d at 1337-38 ("a dismissal with prejudice, whether on motion or *sua sponte*, is an extreme sanction that may be properly imposed only when: '(1) a party engages in a clear pattern of delay or willful contempt (contumacious conduct); and (2) the district court specifically finds that lesser sanctions would not suffice.'")).

"[T]he harsh sanction of dismissal with prejudice is thought to be more appropriate in a case where a party, as distinct from counsel, is culpable." *Betty K Agencies,* 432 F.3d at 1338. "Mere negligence or confusion is not sufficient to justify a finding of delay or willful misconduct." *Birdette v. Saxon Mortg.,* 502 Fed. Appx. 839, 840 (11th Cir. 2012) (quoting *Zocaras v. Castro,* 465 F.3d 479, 483 (11th Cir. 2006)). However, "dismissal upon disregard of an order, especially where the litigant has been forewarned, generally is not an abuse of discretion.'" *Id.* at 841(*quoting Moon*, 863 F.2d at 837).

CASE NO. 2:18-CV-357-FtM-99CM

**III.** **Analysis**

A careful review of the record must lead the Court to the conclusion that the criteria for dismissal under Rule 41(b) have been met. With respect to the requirement that "a party engage in a clear pattern of delay or willful contempt (contumacious conduct)," *Betty K Agencies,* 432 F.3d at 1338, the record demonstrates Plaintiff has sought to delay the proceedings or has chosen to willfully ignore Court orders by failing to file an Amended Complaint despite this Court's generous extensions of time afforded to Plaintiff.

It is appropriate to point out that the Court has been more than flexible with Plaintiff, giving him chance after chance to file a complaint that complies with the Federal Rules of Civil Procedure. But, at some point, enough is enough. Plaintiff has engaged in a clear pattern of delay and has repeatedly violated the orders of this Court after given multiple opportunities to comply.

Furthermore, lesser sanctions would simply not suffice. The Court has dismissed this action without prejudice subject to filing an Amended Complaint for lack of subject matter jurisdiction.[1] Two orders have placed Plaintiff on notice that he must file an Amended Complaint in compliance with the Federal Rules of Civil Procedure. Those orders, unfortunately, have had no effect as Plaintiff's patter and delay and disregard for the Court's orders has continued, as previously described herein.

---

[1] If the Court determines at any time that it lacks subject-matter jurisdiction, the Court must dismiss the case. Fed. R. Civ. P. 12 (h) (3).

CASE NO. 2:18-CV-357-FtM-99CM

WHEREFORE, Defendants, The Willough at Naples and Oglethorpe, Inc., respectfully request that this Honorable Court dismiss Plaintiff's cause of action with prejudice pursuant to Federal Rule of Civil Procedure 41(b).

**CERTIFICATE OF SERVICE**

I HEREBY CERTIFY that a true and correct copy of the foregoing was filed with the Clerk of Court using the CM/ECF system on July 18, 2018, and the foregoing document is being served this day on all counsel or parties of record on the Service List below, either via transmission of Notices of Electronic Filing generated by CM/ECF or in some other authorized manner for those counsel or parties who are not authorized to receive Notices of Electronic Filing.

*/s/ Andrew Vogt*
Andrew Vogt, Esquire

**SERVICE LIST**

John Justin Leppler, Esq.
Law Office of Barry R. Glazer, P.C.
P.O. Box 27166
1010 Light St.
Baltimore, MD 21230
(410) 547-8568
Fax:  (410) 547-0036